UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>                                    Plaintiff,<br><br>v.<br><br>MUNICIPAITY OF OCEANSIDE CITY,<br>                                    Defendant. | Case No.: 25-cv-03773-AJB-MSB<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY**<br>**28 U.S.C. § 1914(a)** |

Plaintiff Jerome L. Grimes, a detainee at Larry D. Smith Correctional Facility in Riverside County, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. Nos. 1–2.)

**I.     MOTION TO PROCEED IFP**

    A.     *Legal Standard*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

1 | Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to
2 | prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.
3 | § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

4 |     For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA")
5 | amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.") "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

B.   *Discussion*

Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket

1  records may [also] be sufficient to show that a [prisoner's] prior dismissal satisfies at least
2  one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398
3  F.3d 1113, 1120 (9th Cir. 2005). This is one of those instances, as a review of Plaintiff's
4  district court dockets confirms he is no longer eligible to proceed IFP because while
5  incarcerated, he has had more than three prior prisoner civil actions or appeals dismissed
6  for a "qualifying reason" under § 1915(g). *Hoffman v. Pulido*, 928 F.3d 1147, 1152 (9th
7  Cir. 2019). Pursuant to Federal Rule of Evidence 201(b)(2), this Court may take judicial
8  notice of the docket records in Plaintiff's prior cases. *See Andrews*, 398 F.3d at 1120;
9  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take
10 judicial notice of its own records in other cases, as well as other courts' records).

11  Based on its review of the dockets of many court proceedings, the Court finds
12 Plaintiff has had dozens of prisoner civil actions or appeals dismissed on the grounds that
13 they were frivolous malicious, or failed to state a claim upon which relief may be granted.
14 Courts "'may take notice of proceedings in other courts, both within and without the federal
15 judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v.*
16 *Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285
17 F.3d 801, 803 n.2 (9th Cir. 2002)). As such, this Court takes judicial notice of federal
18 docket proceedings available on PACER and finds that Plaintiff Jerome L. Grimes,
19 currently identified as Douglas County Jail Inmate #202528807, has filed over 600 civil
20 actions in multiple federal district courts across the country dating back to 1986.[1]

21  Some specific examples of "strikes" filed and dismissed while Grimes was in
22 custody are:

23  (1)  *Grimes v. Cal. Dept. of Corrections, et al.*, Civil Case No. 00cv0668-WBS-
24 JFM (E.D. Cal. May 2, 2000), Doc. No. 5 (Order granting IFP and dismissing complaint
25 *sua sponte* with leave to amend for "fail[ing] to state a cognizable claim for relief" pursuant

---

[1] *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=ae66c80e47444979 8769281006232978 (last visited Oct. 12, 2025).

to 28 U.S.C. § 1915A(b)); *id.* (E.D. Cal. June 22, 2000), Doc. No. 7 (Findings and Recommendations ["F&Rs"] to dismiss civil action for failure to amend); *id.*, (E.D. Cal. Aug. 8, 2000), Doc. No. 9 (Order adopting F&Rs and dismissing action);[2]

(2)  *Grimes v. CDC-CMF/Dept. of Mental Health, et al.*, Civil Case No. 00cv0781-DFL-DAD (E.D. Cal. April 24, 2000), Doc. No. 4 (F&R granting IFP and to dismiss complaint sua sponte pursuant to 28 U.S.C. § 1915A as frivolous and for failing to state a claim); *id.* (E.D. Cal. June 22, 2000), Doc. No. 6 (F&Rs to dismiss civil action for failure to amend); *id.* (E.D. Cal. Aug. 17, 2000), Doc. No. 7 (Order adopting F&Rs and dismissing action);

(3)  *Grimes v. Kelly*, Civil Case No. 15cv1955-RBD-GJK (M.D. Fla. Nov. 30, 2015), Doc. No. 3 (Order denying IFP and dismissing complaint requesting Defendant police officer be subject to random drug and lie detector tests and to be "prosecuted paramilitarily" "for fai[ing] to provide a . . . claim for relief.");

(4)  *Grimes v. Williams, et al.*, Civil Case No. 15cv3848-JKB (D. Md. Dec. 23, 2015), Doc. Nos.3–4 (Order granting IFP and dismissing complaint for failing to state a claim); and

(5)  *Grimes v. Tate, et al.*, Civil Case No. 15cv3849-JKB (D. Md. Dec. 23, 2015), Doc. Nos. 3–4 (Order granting IFP and dismissing complaint for failing to state a claim).

Federal court dockets also show Grimes has been denied leave to proceed IFP while incarcerated pursuant to 28 U.S.C. § 1915(g) in numerous federal districts. *See, e.g.*, *Grimes v. Wan, et al.*, Civil Case No. 07cv1726-CW (PR), 2007 WL 1988530, at *1 (N.D. Cal. July 3, 2007) ("On May 18, 2000, this Court informed Plaintiff that while he is a prisoner, he generally is ineligible to proceed [IFP] in federal court under the 'three-strikes'

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).")

provisions of 28 U.S.C. § 1915(g)."); *Grimes v. Roman, et al.*, Civil Case No. 17cv3288-JSW (N.D. Cal. July 19, 2017), Doc. No.4 (noting that "[i]n 2003 alone, [Grimes'] failure to comply [with court orders granting leave to pay the full filing fee and to state cognizable claims for relief] resulted in the dismissal of approximately thirty-six actions under § 1915(g)."); *Grimes v. Lewis, et al.*, Civil Case No. 12cv3159-EEF-MLH (W.D. La. Mar. 13, 2013), Doc. No. 16 at 1 ("Court records show that [Grimes] has filed more tha[n] 350 complaints and appeals. Three or more of them have been dismissed as frivolous."); *Grimes v. Medlock, et al.*, Civil Case No. 15cv0140-DCR (E.D. Ky. Sept. 16, 2015), Doc. No. 8 at 3 ("[T]he federal judiciary's on-line database indicates that 'Jerome L. Grimes' has filed almost 500 civil rights suits in the federal court system, mostly in California."); *Grimes v. Engram, et al.*, Civil Case No. 17cv1480-PX (D. Md. June 5, 2017), Doc. No. 6 at 2 (denying IFP pursuant to 28 U.S.C. § 1915(g), noting Grimes's filing of "hundreds of cases in the federal courts."); *Grimes v. Enter. Rent-a-Car Co. of Los Angeles, LLC*, No. 22-cv-00657-RSH-KSC, 2022 WL 3109570, at *3 (S.D. Cal. Aug. 4, 2022) (denying IFP pursuant to § 1915(g), dismissing case and noting Grimes had previously filed more than 600 civil actions in federal courts). Thus, this Court finds that Plaintiff Jerome L. Grimes, has had far more than three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted while incarcerated.

As noted above, once a prisoner has accumulated three or more strikes, § 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1055. Here, Grimes raises claims regarding an alleged negligent towing of his vehicle. (Doc. No. 1 at 1–7.) Grimes alleges no facts in his Complaint suggesting he faced imminent danger of serious physical injury at the time of filing. Therefore, he may not proceed IFP in this case.

### III.    CONCLUSION AND ORDER

Accordingly, the Court: (1) **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 2) as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this civil action without prejudice

based on Plaintiff's failure to pay the full $405 civil filing fee required by 28 U.S.C. § 1914(a); (3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and (4) **DIRECTS** the Clerk of the Court to close the case.

    **IT IS SO ORDERED**.

Dated:  January 16, 2026

                                             Hon. Anthony J. Battaglia
                                             United States District Judge